**OR.GINAL**
Teresa J. Moore
4251 Laurel Canyon Blve
Studio City, California 91604
Tel: 818-206-1146
Fax: 818-647-1186
Net: teresa_j_moore@yahoo.com

*For the Debtors of their own right*

**FILED**
OCT 2 0 2015
United States Bankruptcy Court
San Jose, California

**UNITED STATES BANKRUPTCY COURT**
Northern District of California
280 South First Street, San Jose, California 95113

In re

Jeffrey Merritt Wilson

Debtor.

Bankruptcy Case: 15-52471
Involuntary Chapter 7

CHAPTER 7 STATUS CONFERENCE
STATEMENT; MAIL SERVICE
DECLARATION

Date: October 27, 2015
Time: 1:30 p.m.
Dept: Courtroom 3070

BY FAX

## CHAPTER 7

## STATUS CONFERENCE STATEMENT

Teresa Jean Moore, as a creditor of the debtor in the above-captioned Chapter 7 Bankruptcy Case, presents the following statement for the Chapter 7 Status Conference:

**I.     The Status of the Bankruptcy Case.**

Teresa Jean Moore (Moore) and Jeffery Merritt Wilson (Wilson) are the co-owners of the land at 343 Ricardo Drive, Aromas, California (Ricardo property) by the operation of a grant deed, which the Debtor Wilson signed and recorded with the office of the San Benito County Recorder. *See Exhibit-01*.

Additionally, Moore and Wilson are the co-owners of the land at 313 Palma Drive, Salinas, California (Palma property) by the operation of a grant deed, which the Debtor Wilson signed and recorded with the office of the Monterey County Recorder. Currently, the Palma property has an equity cushion of approximately $150,000. *See Exhibit-02*.

On July 23, 2010, Wilson rescinded the Deed of Trust (Doc # 2006-0016805) and the Adjustable Rate Note (Loan # 500002416), which encumbered the Ricardo property, by the certified mailing of a Mortgage Rescission Notice to the purported Lender COMMITMENT LENDING, its nominee and its successors. *See Exhibit-03*.

On September 15, 2011, THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the Department of Transportation (CTD) commenced the action of the Eminent Domain Case # CU-11-00119 against a portion of the property by the filing of an unverified complaint with the SUPERIOR COURT OF THE STATE OF CALIFORNIA. The Defendants REGIONAL SERVICE CORPORATION (RSC) and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE RELATING TO CHEVY CHASE FUNDING LLC MORTGAGE BACKED SERIES 2007-1 (USB) asserted a claim to the proceeds of the eminent domain by the filing of their unverified answers, which stated that "it is the beneficiary under the deed of trust ... [and], therefore, hold an interest in the real property." After the denial of a motion to quash, Wilson and Moore answered the eminent domain complaint and cross-complained against the Defendants RSC and USB on April 16, 2012 after the discovery of the evidence showing that the Defendant COMMITMENT LENDING (CLC) was not the lender in the purported transaction. The trial court dismissed the cross-complaint for failure to state a claim and the Wilson and Moore appealed the decision to the California Court of Appeals, Sixth District by the filing of their opening brief on February 14, 2014, which the Court of Appeals has stayed the case because of the bankruptcy filing. Although it has taken the portion of the Ricardo property, the CTD has not paid any compensation for the taking. *See Exhibit-04 and Exhibit-05*.

On May 29, 2014, Moore commenced the Bankruptcy Case 14-13791 by the filing of the petition with the U.S. Bankruptcy Court, Nevada District. During the course of the bankruptcy case, Wilson and Moore entered into a settlement agreement, wherein Wilson would assign the Ricardo property to Moore with a release of all claims and Moore would assign the Palma property to Wilson with a release of all claims. Additionally, during the course of the bankruptcy case, USB obtained an order for the relief from the automatic stay. *See Exhibit-06*.

On July 29, 2015, Moore travelled from Los Angeles to the Ricardo property to conduct an inspection. Upon her arrival, Moore found that Wilson had moved-out and had abandoned the

property. The property was not habitable; a toilet and bathtub was removed; no utilities; no appliances and the grounds had an estimated 4-months of overgrown weeds over 2-feet tall in some areas around the house. Moore telephoned Wilson with no reply and made the decision to protect the property by the filing of the involuntary bankruptcy case to stay the foreclosure sale scheduled for July 30, 2015 at 11:30am. *See Exhibit-07*.

On July 30, 2015, despite the mortgage rescission notice by Wilson and the bankruptcy stay notice by Moore, SPECIALIZED LOAN SERVICING LLC (SLS) and NBS DEFAULT SERVICES LLC (NBS), which did not have any relief from the automatic stay in the Moore bankruptcy case, proceeded to conduct a foreclosure sale on the pretext of a Deed of Trust.

On July 30, 2015 at 9:00am, Moore arrived at the Bankruptcy Court and filed the involuntary bankruptcy case. At 10:30 am, Moore arrived at the San Benito County Court house steps to notify the foreclosing agent of the bankruptcy stay. Moore and her husband waited until after 12:30 and no crier showed to hold the foreclosure sale. *See Exhibit-08*. Moore then returned to her daughters home an hour away, to participate by telephonic appearance, in a hearing on a motion to dismiss her Chapter 11 Bankruptcy Case. After a 2-hour hearing, the Court ordered the conversion of the case to an involuntary Chapter 7. Moore commenced an appeal of that order. Thereafter, the trustee and the creditor moved to dismiss the bankruptcy case. The Nevada Bankruptcy Court will hear the dismissal motions on November 17, 2015.

On October 20, 2015, Moore requested a meeting with Wilson prior to the status conference hearing on October 27, 2015 to settle their business relationship and to prepare a stipulation for the court to approve (with the Chapter 7 Trustees approval if necessary) so Wilson may dismiss his case or convert to a voluntary Chapter 13 or Chapter 11. *See Exhibit-09*.

II.     **The Objective of the Bankruptcy Case.**

The purpose and objective of the bankruptcy case is to protect the Ricardo Property from a wrongful foreclosure, while Wilson and Moore complete the winding up of their business relation and their joint interests in the Ricardo property and the Palma property. The email to Wilson outlines the reasons for the bankruptcy filing and the necessity for the protection of the Ricardo and Palma properties.

As part of the settlement, Moore would quit claim her interests in the Palma property which currently has an estimated $150,000 of equity so Wilson can settle with his creditor claims. *See Exhibit-02.*

Wilson would quit claim his interests in the Ricardo property, and assign any claims to the Ricardo property to Moore so she continue the litigation against the purported lender and the eminent domain funds. Currently, the claims against the Ricardo Property from any purported lender are unsecured because Wilson and Moore rescinded the loan under TILA statutes and a winding down of credits and payments is required.

The eminent domain trial is stayed because of the bankruptcy cases with Moore and Wilson. Once the settlement between Moore and Wilson is completed, Moore will continue the litigation for the amount of the claims that CTD must pay for the taking and replacement cost of the 2-acres of the 5-acre equestrian property referred to as the Ricardo property.

Moore's rights to protect her unsecured claims in the Ricardo property and her equity interests in both the Ricardo property and the Palma property were put at risk when Wilson abandoned the Ricardo property and the purported lender whose claims were rescinded, moved to foreclose without Moore having any ability to protect the property as a titled owner and a tenant in common.

At the time of the involuntary petition filed against Wilson, Moore was a debtor-in-possession in her Chapter 11 bankruptcy case, and with the Chapter 7 involuntary conversion order in appeal and the Moore Chapter 7 Trustee moving to dismiss her case, the need for Moore to invoke the protection of the court so all creditors are protected is still necessary with the Wilson Chapter 7 Involuntary Bankruptcy filing.

Date: October 20, 2015

Teresa J. Moore
4251 Laurel Canyon Blvd
Studio City, California 91604
Tel: 818-206-1146
Fax: 818-647-1186
Net: teresa_j_moore@yahoo.com

Attachments: EXHIBITS: 01-09