OFFICE OF THE CLERK
CALIFORNIA COURT OF APPEAL
SIXTH APPELLATE DISTRICT
333 West Santa Clara Street, Suite 1060
San Jose, CA 95113
www.courts.ca.gov
Phone: (408) 277-1004

June 19, 2015

Jeffrey Merritt Wilson
P.O. Box 10414
Salinas, CA 93912

RE:     JEFFREY MERRITT WILSON et al.,
          Cross-complainants and Appellants,
          v.
          JOHN DAVIMOS et al.,
          Cross-defendants and Respondents.

H040876
San Benito County No. CU1100119

Dear Counsel:

     This court stayed all appellate proceedings pursuant to an order issued by the U.S. Bankruptcy Court. It is the court's practice to update our docket by inquiring into the status of the bankruptcy and assure that the appeal has not been abandoned or become moot.

     Counsel are requested to advise this court of the current posture of the action within 20 days from the date of this letter. Failure to do so may result in the imposition of sanctions.

Very truly yours,

A. Mussman
Deputy Clerk

BY FAX

COPY
FILED
SUPERIOR COURT OF CALIFORNIA
14 FEB 19 PH 2:50
Masnell Grimsley
BY: _____ DEPUTY

Teresa J. Moore
Post Office Box 75217
Honolulu 96836, HAWAII
Tel: (818) 206-1146
Fax: (818) 647-1186

*For the Defendant and the Cross-Complainant Teresa J. Moore in the propria persona*

In the
**California State Superior Court**
San Benito County
440 Fifth Street, Hollister 95023-3833, California

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the Department of Transportation, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY MERRITT WILSON; TERESA JEAN MOORE; COMMITMENT LENDING, a California Corporation; REGIONAL SERVICE CORPORATION, a California Corporation; US BANK NATIONAL ASSOCIATION, as Trustee relating to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2007-1, DOE ONE to DOE FIFTY, inclusive, <br><br> Defendants. <br><br> Jeffrey Merritt Wilson and Teresa Jean Moore, <br> Cross-Complainants, <br> v. <br><br> Thomas C. Irwin and Mary W. Irwin; COMMITMENT LENDING; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; FIRST AMERICAN TITLE COMPANY; SPECIALIZED LOAN SERVICING LLC; LPS DEFAULT TITLE & CLOSING; US BANK NATIONAL ASSOCIATION; REGIONAL SERVICE CORPORATION; ALL PERSONS UNKNOWN and DOES 1 – 100, <br> Cross-Defendants. | Civil Case Number: <br> **CU-11-00119** <br><br> SETTLEMENT CONFERENCE STATEMENT BY THE DEFENDANT TERESA MOORE; MAIL SERVICE DECLARATION <br><br> DATE: February 26, 2014 <br> TIME: 2:30 p.m. <br> DEPT: 2 – Judge Tobias <br> TRIAL: March 10, 2014 |

Case: CU-11-00119     SETTLEMENT CONFERENCE STATEMENT     PAGE: 1 of 5
TERESA JEAN MOORE

Case: 15-52471     SETTLEMENT CONFERENCE STATEMENT     Exhibit P05 - 1/7
Case: 15-52471    Doc# 12-3    Filed: 10/20/15    Entered: 10/21/15 10:55:44    Page 2 of 10

# SETTLEMENT CONFERENCE STATEMENT

## 1. Parties and Counsel

The Plaintiff is THE PEOPLE OF THE STATE OF CALIFORNIA acting by and through the Department of Transportation (CALTRANS), which is represented by the Attorney Stephen Silver. The First Defendant is the Jeffrey Merritt Wilson, who is represented by the Attorney George Hill. The Second Defendant is the Teresa Jean Moore, who is in the propria persona. The Fifth Defendant is the U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE RELATING TO CHEVY CHASE FUNDING LLC MORTGAGE BACKED CERTIFICATES SERIES 2007-1 (USB), which is represented by the Attorney Austin Kenny.

## 2. Case Summary

This action of this case concerns the partial taking of the property at 343 Ricardo Drive, Aromas, California by the Plaintiff CALTRANS. The area of the taking is approximately 1.3 acres of a five-acre equestrian estate, which had a fair market value of $970,000.00 on the November 2, 2006. The partial taking of the property destroys the highest and the best use of the property by the diminution of the land area.

## 3. Plaintiff Position

The Plaintiff CALTRANS contends that the sum of **$75,339.00** is the "just compensation" for the taking of the property. On the August 12, 2013, the Plaintiff CALTRANS appraised the value of the property at $475,000.00. The calculation of the "just compensation" is on the basis of the unimproved value of the land plus the additional amount for the destruction of the fencing. Thus, the calculation is .252 (1.26/5.00 take area) x $200,000.00 (unimproved land appraisal) = $50,400.00 + $339.00 (temporary easement) + $14,600.00 (fence damages) + $10,000.00 (severance damages) = $75,339.00

## 4. Defendant Position

The Defendant Moore contends that the sum of **$1,345,000.00** is the "just compensation" for the taking of the property. The Defendant Moore bases the calculation on the sum (1) of the lost value of the property since the commencement of the construction project (2) plus the lost use of the property (3) plus the replacement value of a similar property less the current value of the property:

|  | | | |
|---|---|---|---|
| Lost Property Value | Property value + Improvements $1,070,000.00 | Current property value -$500,000.00 | Property Loss Damages $570,000.00 |
| Lost Property Use | Move horses & feeders $50,000.00 | Shutdown & store aquaponics $25,000.00 | Property Use Damages $75,000.00 |
| Replacement Property | Comparable Property $1,200,000.00 | Current property value -$500,000.00 | Replacement Damages $700,000.00 |
| | | Total Damages | $1,345,000.00 |

5. <u>Legal Issues</u>

The offer of the "just compensation" by the Plaintiff CALTRANS does not account for the damages to the Defendants Wilson and Moore and does not account for the highest and best use of the property.

"It is a basic premise that just compensation is measured by the damage to the condemnee-- what the property owner has lost--rather than the benefit to the condemner. (*People ex rel. Dept. of Transportation v. Southern Pac. Transportation Co.* (1978) 84 Cal. App. 3d 315, 324; *People ex rel. Dept. Pub. Wks. v. Southern Pac. Trans. Co.* (1973) 33 Cal. App. 3d 960, 966) "The principle sought to be achieved by the concept of just compensation is to reimburse the owner for the property interest taken and to place the owner in as good a position pecuniarily as if the property had not been taken." (*People ex rel. Dept. of Transportation, supra*, 84 Cal. App. 3d at p. 324.) *Redevelopment Agency v. Contra Costa Theatre, Inc.* (1982) 135 Cal. App. 3d 73, 83.

"Under the California Constitution, article I, section 19 and former Code of Civil Procedure section 1249, the owner of condemned property must be paid the market value of the property. (See 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 586, p. 3882.) 'Market value is the price that would be paid by a willing purchaser from a willing seller purchasing with a full knowledge of all the uses and purposes for which the property is reasonably adapted.' In determining the market value the relevant factors include all uses to which the property is adapted or available and the highest and most profitable use to which the property might be put in the reasonably near future, to the extent that the probability of such a prospective use affects the market value." (*People ex rel. State Public*

1 | *Works Bd. v. Talleur* (1978) 79 Cal. App. 3d 690, 695) *Id.*

2 |       Since the offer of the $75,339.00 by the Plaintiff CALTRANS does not account for the
3 | damages to the Defendants Wilson and Moore and does not account for the highest and best use of the
4 | property, then the talking of the property is without any just compensation.

5 |     **6.**    <u>Factual Issues</u>

6 |       The Defendant Moore contends that there was an unreasonable delay and conduct from the
7 | beginning of the construction project to the actual taking of the property, which caused further
8 | damages to the Defendants Wilson and Moore. The Defendant Moore further contends that the
9 | Defendant USB has no standing to assert any claims against the property or against the proceeds of the
10 | taking. Moreover, the Defendant USB and its associates have violated the Homeowner Bill of Rights
11 | by the "dual tracking" of a foreclosure during a modification, which is a mandatory $50,000 damage
12 | award per entity for a total of $150,000.00.

13 |     **7.**    <u>Settlement Issues</u>

14 |       Before the settlement conference, the Defendant Moore will make a good-faith settlement
15 | demand and offer to the Plaintiff CALTRANS and to the Defendant USB.

16 |     **8.**    <u>Trial issues</u>

17 |       Because of her serious medical condition related to cancer and fibroid tumors, the Defendant
18 | Moore has not been able to conduct any pretrial discovery. Additionally, the just compensation of the
19 | taking and the standing of the Defendant USB are the primary trial issues.

20 |     **9.**    <u>Insurance</u>

21 |       The Defendant Moore believes that the Cross-Defendant FATC has a duty to provide coverage
22 | to the Defendant Wilson in the action of this case.

23 |     **10.**    <u>Attachments</u>

24 |       The Defendant Moore attaches her argument about the violation of the HBR by the Defendant
25 | USB.

Case 15-52471 SETTLEMENT CONFERENCE STATEMENT Exhibit P05 - 4/7
Case: 15-52471 Doc# 12-3 Filed: 10/20/15 Entered: 10/21/15 10:55:44 Page 5 of 10

Date: Feb 19, 2014                                    Respectfully presented,

*Teresa J Moore*
Teresa Jean Moore
Post Office Box 75217
Honolulu 96836, HAWAII
Tel: (818) 206-1146 • Fax: (818) 647-1186
teresa_j_moore@yaoo.com

the causes and dismissed the action on the basis of the statute of limitations. *Appendix at pp. 094:10-094:19.* The Judge of the Trial Court did not consider the bankruptcy exception, which tolls or suspends the statute of limitations.

Thus, the denial of the leave to amend by the Judge of the Trial Court was erroneous because the Appellants could have amended by the addition of the exception to the statute of limitations.

**B.     The Denial Of The Leave To Amend By The Judge Of The Trial Court Was Erroneous Because The Appellants Could Have Amended By The Addition Of The Claim Under The California Homeowner Bill Of Rights.**

The Homeowner Bill of Rights (HBR) states: "It is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a plan is consistent with its contractual or other authority." Civil Code § 2923.6(b). The HBR requires that a servicer provide the borrower with a copy of the note and certain other documents upon the request of the borrower. Civil Code § 2923.55. The recording of any document in the connection with a foreclosure must be "accurate and complete and supported by competent and reliable evidence." Civil Code § 2924.17. Additionally, "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose." *Id.* "[A] borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17." Civil Code § 2924.12. The recording of a Notice of Default or Substitution of Trustee against the property upon the basis of a fraudulent Deed of Trust is a "material violation," which activates the injunctive relief provisions of Civil Code § 2924.12 & § 2924.17(a) (b).

During the hearing of the demurrers, the Appellant requested the leave to add a separate cause of action under the HBR, which went into the effect on the January 1, 2013. *Appendix at pp. 038:05-054:18.* The Appellant Moore stated, "we already have demonstrated in the papers that the party to the transaction is not the party that is trying to foreclose." *Appendix at pp. 041:13-041:15.* The Judge of the Trial Court queried

whether the Appellee USB was the "beneficiary of the deed of trust now." The attorney of the Appellees MERS, SLS and USB answered, "Correct." *Appendix at pp. 042:18-041:20*. On the September 6, 2013, the Appellee SLS continued the action of the non-judicial foreclosure by the recording of another NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST. *Judicial Notice at pp. 091-096*. The representation of the attorney is a material violation of the HBR because the Appellees MERS, SLS, RSC and USB made the recording on the basis of a void deed and a forged note and a void Substitution of Trustee. Despite the allegations of the Cross-complaint and the admissions of the attorney and the judge at the hearing, the Judge of the Trial court sustained the demurrer without the leave to amend with the comment, "I'm not convinced that you're able to state a cause of action based on everything from the outset." *Appendix at pp. 054:19-055:04*. **The Appellants contend that the Appellee USB is not the beneficiary of any loan and that the Appellees MERS, SLS, RSC and USB violated the provisions of the HBR by the material misrepresentations, which is a continuation of the Fraud and Deceit Claim. Moreover, on the November 3, 2012, the Appellants attempted the mitigation of their damages by the request of a loan modification through the NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA (NACA) to the Appellees SLS and USB, which is still pending on the January 14, 2014.** Since the January 1, 2013, the Appellees SLS, USB and their attorneys have violated the HBR by the "dual tracking" of a modification and a foreclosure at the same time. By the notice of their attorney on the February 11, 2014, the Appellees MERS, SLS and USB are proceeding with a foreclosure. **The Appellate Court must enjoin the foreclosure under the provisions of the Civil Code § 2924.12(a)(2) by the immediate issuance of an injunction, which should also prohibit the collection of any eminent domain proceeds.**

Therefore, the Appellate Court should reverse the Judgment of the Trial Court because the Appellants could have corrected the purported defects of the Cross-Complaint by the reasonable opportunity of an amendment.

**Teresa Jean Moore**

| | | |
|---|---|---|
| 3940 Laurel Canyon Blvd., Suite 999<br>Studio City, California 91604<br>Tel: (818) 206-3223 | Post Office Box 75217<br>Honolulu, Hawaii 96836<br>Tel: (818) 206-1146 • Fax (818) 647-1186 | 8685 Queens Brook Court<br>Las Vegas, Nevada 89129<br>Tel: (702) 430-9112 |

**January 12, 2015**

Jeffrey Merritt Wilson
Post Office Box 10414
Salinas, California 93912

SUBJECT:  Letter of Intent for the Settlement of all Claims, Division of all Assets and Termination of the Partnership

Dear Mr. Wilson:

    This letter memorializes our mutual intent to settle any claims that we may have against each other; to divide any assets that we jointly own and to terminate our business relationship. The purpose of the letter of intent is to outline the general terms of our oral discussions and to develop the details for a written agreement, which we must present to the bankruptcy court for its approval.

    In that regard, the current proposal is that I will release any claims against you and will assign my rights to the Palma Drive House to you by the execution and recording of a Grant Deed. Conversely, you will release any claims against me and will assign your rights to the Ricardo Drive House to me by the execution and recording of a Grant Deed. Additionally, I will file a copy of the assignment and deed in the Civil Case No. CU-11-00119 (*State v Wilson*) and I will continue the litigation of the case. If there is a recovery of any compensation for the taking of the land in the action of the eminent domain, then we will divide the proceeds equally after an accounting and allocation of the agreed upon expenses. Likewise, if there is a recovery of any damages in the action of the cross-complaint, then we will divide the proceeds equally after an accounting and allocation of the agreed upon expenses.

    Please consider the terms of the foregoing proposal and respond with your comment in writing. I will seek the assistance of an attorney to draft the written agreement and seek the approval of the agreement by the filing of a motion in the Bankruptcy Case No. 14-13791 (*In re Teresa & Robert Moore*).

Sincerely,

                                                            *Jeffrey Merritt Wilson*

                                                            X [signature]

Teresa J. Moore

                                                          ON: 1-12-2015

# ADDENDUM TO LEASE TO PURCHASE OPTION AGREEMENT

1. Landlord and Tenant enter into this Agreement after two years of a working relationship in addressing solutions to the non-disclosures of the previous sellers; devaluation of the property due to Cal-trans eminent domain efforts; and to Predatory Lender Activities which stem from the original purchase of the property by the Landlord in November 2008 with the Business Consulting Services provided by the Teresa Moore.
2. This Lease to Purchase Option Agreement is part of a settlement between Jeffrey-Merritt: Wilson and Teresa Jean Moore for any claims of loss due to the above mentioned discrepancies that both parties had no knowledge or information of prior to the purchase of the property.
3. The $25,000 Consulting Credits by Teresa Moore for the Option to Purchase 50% interest in the Property include 50 hours of research, document preparation, and settlement negotiations on behalf of Landlord and Tenant with the previous sellers, Cal-Trans, and the Lenders or claimants pursuing any debts secured by the property.
4. The rent payments of 50% of proceeds from the Hosting of MooreWealth Network events at the property are based upon coordination with the Landlord by written agreement for each event held per month at the property. During the months that no MooreWealth Network events are hosted on the property, no rent shall be due for that period.
5. Landlord has disclosed the status of the loan issues and eminent domain efforts to Tenant and Tenant has agreed to provide support in settling these claims against the property.
6. Landlord understands that Tenant is currently in a Chapter 13 Reorganization Bankruptcy in Hawaii and relies on the Tenant's representation that the Lease Option Agreement falls under the "normal course of business agreements" of the bankruptcy plan.

*tjm 7/1/10*

Case 15-52471    WILSON SETTLEMENT AGREEMENT    Exhibit P06 - 2/2
Case: 15-52471    Doc# 12-3    Filed: 10/20/15    Entered: 10/21/15 10:55:44    Page 10 of 10