











NBS FORECLOSURE SALE    Exhibit P08

From: Teresa Moore teresa.moore@me.com
Subject: Fwd: Wilson Bk Hearing Audio File - Status Conference Statement Due Today
Date: October 20, 2015 at 7:28 AM
To: JEFF DAWG dawgjeff@hotmail.com, 2 6.19.11 robert.garvin@me.com



Dear Jeff:

Attached to this email is a link to the 44 min hearing last month on the status of the Involuntary Bankruptcy Case I filed against you. The Judge requested I file a Status Conference Statement due today, explaining why I filed the involuntary Chapter 7 against you.

During the hearing, the Judge suggested that if you stipulate to the settlement agreement that we documented in the Chapter 11 Bankruptcy case (or any settlement to divide our interests) he could consent to an order for relief. (this is at about the 29 min mark in the 44 min recording).

Additionally, the Judge requested that I explain why I filed the involuntary bankruptcy, and after 40 minutes of questions and answers, he came to the conclusion that I filed it to "protect the Aromas Property". at the 37 min mark, the Judge comments "he [Mr. Wilson] doesn't understand the filing protects the aromas property".

I understand you are not in agreement at this time with my actions, and want to outline the issues that must be addressed to "protect" the Aromas Property, and your commitment to Henry and his $50,000 note, and secure the estimated $150,000 in equity in the Palma property, from the Chapter 7 Trustee in the Involuntary Bankruptcy case that I am currently appealing.

First, when I learned that you had abandoned the Aromas Property, as a titled owner with tenancy in common interest, it is my duty to protect the property both from foreclosure and "abandonment claims" by any party claiming interest. With only 1 day notice of your abandonment of the property, the only thing I could do was to file an involuntary bankruptcy to stay the foreclosure sale scheduled the next day and to protect the possession rights.

The same day that the foreclosure sale was held, later that afternoon, in my bankruptcy case, the Judge decided to convert my case to a Chapter 7. At the time of the filing of the involuntary bankruptcy against you, (to stop the foreclosure sale) I was in a Chapter 11 and had full authority to protect my and the estates interests in the Aromas Property.

When the purported lender held the sale, it was done in violation of your Involuntary Bankruptcy filing done only 2 hours before the sale.

Where things stand today, with the bankruptcy stay in place from the involuntary bankruptcy filing against you, the foreclosure sale is void. (if your case is dismissed for wrongful filing - the foreclosure sale is enforceable and you and I no longer own the property. We could have a claim for wrongful foreclosure, but it would be very difficult to gain the property back especially because you do not want to spend any money litigating.

Currently, you have the option to convert your case to a voluntary Chapter 13 and/or Chapter 11 which would allow you as the "Debtor in Possession" to determine how you would like to wind up your affairs with the Aromas Property and with the Palma Property without a Trustee having any interest in the process.

Once the two issues are approved by this Judge, you could then dismiss your case with a final order for the settlement of both properties without anyone making claims to the property or the equity in the Palma Property. We could make sure Henry's Note is secured and/or add him to title. You could also in the settlement deed him the property along with your Dad, so you can pay back what is owed to

both, and sell the Palma Property to cash out both Henry and your Father.

Meanwhile, I get the Aromas Property, the lawsuit to settle their mortgage claim, and the lawsuit with Caltrans.

I did notice that you have accepted modifications on your truck loans through the current chapter 7 filing, this act has you already participating in the bankruptcy case, in my opinion.

Please consider meeting with Robert and I before the October 27, hearing (we will fly in early to meet with you) so we may draft a settlement and present it to the Judge or at least let him know we are in negotiations to settle this.

**Meanwhile, can you forward the notice you showed me that you found on-line documenting that the purported lender held the foreclosure sale in violation of the bankruptcy stay?**

If you are not comfortable speaking with me, Robert is willing to speak on my behalf.

Sincerely,

Teresa J. Moore
702-430-9112

Begin forwarded message:

**From:** Robert Moore <robert.garvin@me.com>
**Subject: Wilson Bk Hearing Audio File**
**Date:** October 1, 2015 at 9:29:25 AM HST
**To:** Teresa Moore <teresa.moore@me.com>

