1  :Jeffrey-Merritt: Wilson
2  :Post-Office-Box~10414
   :Salinas, California 93912
3  :Tel: (831) 424-1732
4  :*Competent-Fact-Witness*
   :*Bona-Fide-Creditor*
5  :*Sui-Juris*

6  :October 26, 2015

7

8

9

10

11

12              **UNITED STATES BANKRUPTCY COURT**

13

14            **NORTHERN DISTRICT OF CALIFORNIA**

15

16  In re: JEFFREY MERRITT WILSON ) Case No.[15-52471 DM]
                                   )
17                                 )
                                   )
18                                 )
                    (SIC)          )  **Special-Restricted-Appearance**
19                                 )  **:Jeffrey-Merritt: Wilson:**
                                   )
20                                 )  **Judicial Notice for the void of**
                                   )  **service of process jurisdiction**
21                                    **and venue not waived.**

22                                    **Objection and denial in its**
                                      **entirety of Chapter 7 Status**
23                                    **Conference Statement dated**
                                      **October 20, 2015.**
24
                                      **Conclusion**
25
                                      **Sworn-Affidavit**
26
                                      **Word-Count-Billing**
27
                                      **Mail-Service**
28  _____

                        ~ 1 ~

## :Special-Restricted-Appearance by the Jeffrey-Merritt Wilson "De-Bene-Esse" by this Judicial-Notice:

Affiant has no record of evidence that this or any other "appearance" in not "De-Bene-Esse" and yielding no jurisdiction whatsoever to any inferior, fictional, or corporate enterprise disguised as a court of law.

Admit-Libellee(s) listed within this document admit that the Affiant/Claimant yields no jurisdiction to any inferior, fictional, or corporate enterprise disguised as a court of law.

"An 'appearance De-Bene-Esse' is designed to permit a party to a proceeding to refuse to submit his person to the jurisdiction of the court unless it is finally determined that he has forever waived that right." Farmers Trust Co. v. Alexander, 6 A. 2d 262, 265.

An "appearance De-Bene-Esse" is therefore a special restricted appearance designed to allow to meet and discharge the contractual requirement of making an appearance, and at the same time, to refuse to submit Himself to the jurisdiction of any alleged plaintiff, hence of the Court, unless and until some judicial department prosecutor/agent makes all disclosures, specifically by producing a claim that is autographed by sworn verification.

~ 2 ~

1      I :Jeffrey-Merritt: Wilson hereby notice this Court and its

2 Agents/Actors/Claimants that I invoke <u>De-Bene-Esse</u> in any and

3 all matters connected to this Case No. **[15-52471 DM]** by my

4 <u>Special-Appearances</u> via <u>written-contract</u> with reservation of all

5 my rights. Affiant reserves the right to amend in order that the

6

7 truth be ascertained and justly determined.

8

9

10     x :Jᴇffᴇʏ-Mᴇʀʀᴛ:Wʟ

11      **:Jeffrey-Merritt: Wilson**    Affiant-Seal-Bond

12      **:Competent-Fact-Witness**

13      **:Reservation of Rights.**

14

15 # :Judicial Notice for the void of

16

17 # service of process jurisdiction and

18

19 # venue not waived:

20

21

22      I :Jeffrey-Merritt: Wilson claim that to this date service

23 of process has not been completed or attempted since the date of

24 Teresa Jean Moore's Involuntary Chapter 7 filing date July 30,

25

26 2015. Some **88** days have gone by without good cause or reason of

27 her failure to complete. I :Jeffrey-Merritt: Wilson do <u>not waive</u>

28

~ 3 ~

this right and I claim that there is a <u>void of competent-jurisdiction</u>. **(Exhibit 1)** is a true correct copy of the "<u>CERTIFICATE OF SERVICE</u>" which is blank.

## <u>:Objection and denial in its entirety of Chapter 7 Status Conference Statement dated October 20, 2015:</u>

I :Jeffrey-Merritt: Wilson object and deny in its entirety of Chapter 7 Status Conference Statement dated October 20, 2015.**(Exhibit 2)**

I :Jeffrey-Merritt: Wilson object to all of Teresa Jean Moore's Exhibits 1 thru 9 <u>unverified computer generated hearsay</u> Exhibits.**(Exhibit 2)**

X ~~Jeffrey Mitt.Wil~~
**:Jeffrey-Merritt: Wilson**          Authentic Seal-Bond
**:Competent-Fact-Witness**
**:Reservation of Rights.**

~ 4 ~

# :Conclusion:

I :Jeffrey-Merritt: Wilson have made my appearance and entry by the special-restricted-appearance "De-Bene-Esse" in order to protect against the breach of the social-security-trust-account and by not waiving any rights.

I :Jeffrey-Merritt: Wilson claim that I have not been properly served by service of process as by the Law and that it has been simply ignored.

I :Jeffrey-Merritt: Wilson claim that Teresa Jean Moore's claims are unsworn and unverified including her exhibit-evidence.

I :Jeffrey-Merritt: Wilson do not consent to any bankruptcy, trustee or stipulation period.

I :Jeffrey-Merritt: Wilson claim that Teresa Jean Moore has filed a "Bad-Faith-Claim" and that she was not authorized to use the social-security-account-number in this matter.

I :Jeffrey-Merritt: Wilson claim that I do not owe Teresa Jean Moore any money but in fact she owes me money by bona-fide-contracts by evidence of deposits into her accounts.

I :Jeffrey-Merritt: Wilson claim that there is no reason for there to be in any sort of bankruptcy as no real-creditors have come forth with claims stating that funds are owed them or that there is delinquent payments by proof of wet-ink contract.

~ 5 ~

I :Jeffrey-Merritt: Wilson claim that Teresa Jean Moore has

continued with her bad-faith by not attempting to resolve this

matter by service of process, by waiting to contact by email **27**

days later. Take note; that this email was sent to me on October

20, 2015 at **10:28 am** while I was on the road at work and then at

**1:24 pm** the same day the husband :Robert-Garvin: Moore sent the

"STATUS CONFERENCE STATEMENT" (15-52471) to the court and to my

email. So in other words Teresa Jean Moore on the day that the

status conference statement was due **27** days later gave me just

about 3 hours to respond or attempt to resolve before her

husband sent the statement to the Court. Just like her previous

statement filed on September 23, 2015 the day of the conference

in which I was not served a copy. In the audio from the date of

September 23, 2015, Teresa Jean Moore stated that [it was

difficult for her to get notice of the hearing time change by

one half hour about the 8 min mark] Teresa Jean Moore claims to

be "self-taught" in the legal arena and is trying to prosecute

an un-warranted Chapter 7 on a Trust-account in which she should

be paying attention to her reckless actions.

I: Jeffrey-Merritt: Wilson do not consent to any of this, I

do not waive any rights, I :Jeffrey-Merritt: Wilson claim

dismissal.

# :Sworn-Affidavit:

IN WITNESS WHEREOF, I :Jeffrey-Merritt: Wilson, *Sui Juris,* solemnly affirm and verify that I have read the foregoing, and know its contents to be true to the best of my knowledge, except as to the matters which are therein stated on my information or belief, and as to those matters, I believe them to be true. This instrument is submitted upon good faith effort that is grounded in fact, warranted by existing law for the modification or reversal of existing law and submitted for proper purposes, and not to cause harassment and unnecessary delay or costs, so help me God. See Supremacy Clause (Constitution, Laws and Treaties are all the supreme Law of the Land).

I declare under penalty of perjury, by the laws of a competent-jurisdiction by my location now-space and time without the Debtor-UNITED STATES INC. (which is publicly noticed to be in debt to the approximate tune of 19 trillion dollars), that the foregoing is true and correct including attached **Exhibits 1, 2** by my Affiant-Seal-Bond.

X _____

:Jeffrey-Merritt: Wilson
:Competent-Fact-Witness
:Reservation of Rights.

Affiant-Seal-Bond

~ 7 ~

:Word-Count-Billing:


:1174 words x .50:


:Flesch-Kincaid-Reading:

:Grade-level 13.6:

~ 8 ~

**Invoice 33.4**

# :Jeffrey-Merritt: Wilson



:Post-Office-Box~10414
:Salinas, California 93912

| Date | To |
|---|---|
| October 26, 2015 | Teresa Jean Moore |
| | 4251 Laurel Canyon Boulevard |
| | Studio City, California 91604 |

**Instructions**

Courtesy 10 day payment due

| Quantity | Description | Unit Price | Total |
|---|---|---|---|
| 1 | Labor for the guardian against false representations: <br> For Void of the Service of Process | | |
| 1174 | Word-Count | .50 | 587.00 |
| 1 | Service by Mail <br> And supplies | | 150.00 |
| | | Subtotal | 737.00 |
| | | Sales Tax | |
| | | Shipping & Handling | |
| | | **Total Due By 11.6.2012** | **737.00** |

Thank you for your business!

Tel: 831-424-1732

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## :Exhibit 1:

~ 9 ~

**CERTIFICATE OF SERVICE**

I, _____(name), certify that on_____ (date),

I served this summons and a copy of the involuntary petition on_____(name), the debtor in this case, by
*[describe the mode of service and the address at which the debtor was served]*:

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date:                                                    Signature:

Print Name:

Business Address:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# :Exhibit 2:

~ 10 ~

Teresa J. Moore
4251 Laurel Canyon Blve
Studio City, California 91604
Tel: 818-206-1146
Fax: 818-647-1186
Net: teresa_j_moore@yahoo.com

*For the Debtors of their own right*

## UNITED STATES BANKRUPTCY COURT
Northern District of California
280 South First Street, San Jose, California 95113

In re

Jeffrey Merritt Wilson

Debtor.

)
)
)
)
)
)
)
)
)
)
)
)
)

Bankruptcy Case: 15-52471
Involuntary Chapter 7

CHAPTER 7 STATUS CONFERENCE
STATEMENT; MAIL SERVICE
DECLARATION

Date:     October 27, 2015
Time:     1:30 p.m.
Dept      Courtroom 3070

## CHAPTER 7

## STATUS CONFERENCE STATEMENT

Teresa Jean Moore, as a creditor of the debtor in the above-captioned Chapter 7 Bankruptcy Case, presents the following statement for the Chapter 7 Status Conference:

**I.      The Status of the Bankruptcy Case.**

Teresa Jean Moore (Moore) and Jeffery Merritt Wilson (Wilson) are the co-owners of the land at 343 Ricardo Drive, Aromas, California (Ricardo property) by the operation of a grant deed, which the Debtor Wilson signed and recorded with the office of the San Benito County Recorder. *See Exhibit-01.*

Additionally, Moore and Wilson are the co-owners of the land at 313 Palma Drive, Salinas, California (Palma property) by the operation of a grant deed, which the Debtor Wilson signed and recorded with the office of the Monterey County Recorder. Currently, the Palma property has an equity cushion of approximately $150,000. *See Exhibit-02.*

·Exhibit 2   47 Pages:
Case: 15-52471   Doc# 18   Filed: 10/29/15   Entered: 10/29/15 10:57:48   Page 13 of 27

On July 23, 2010, Wilson rescinded the Deed of Trust (Doc # 2006-0016805) and the Adjustable Rate Note (Loan # 500002416), which encumbered the Ricardo property, by the certified mailing of a Mortgage Rescission Notice to the purported Lender COMMITMENT LENDING, its nominee and its successors. *See Exhibit-03.*

On September 15, 2011, THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the Department of Transportation (CTD) commenced the action of the Eminent Domain Case # CU-11-00119 against a portion of the property by the filing of an unverified complaint with the SUPERIOR COURT OF THE STATE OF CALIFORNIA. The Defendants REGIONAL SERVICE CORPORATION (RSC) and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE RELATING TO CHEVY CHASE FUNDING LLC MORTGAGE BACKED SERIES 2007-1 (USB) asserted a claim to the proceeds of the eminent domain by the filing of their unverified answers, which stated that "it is the beneficiary under the deed of trust … [and], therefore, hold an interest in the real property." After the denial of a motion to quash, Wilson and Moore answered the eminent domain complaint and cross-complained against the Defendants RSC and USB on April 16, 2012 after the discovery of the evidence showing that the Defendant COMMITMENT LENDING (CLC) was not the lender in the purported transaction. The trial court dismissed the cross-complaint for failure to state a claim and the Wilson and Moore appealed the decision to the California Court of Appeals, Sixth District by the filing of their opening brief on February 14, 2014, which the Court of Appeals has stayed the case because of the bankruptcy filing. Although it has taken the portion of the Ricardo property, the CTD has not paid any compensation for the taking. *See Exhibit-04 and Exhibit-05.*

On May 29, 2014, Moore commenced the Bankruptcy Case 14-13791 by the filing of the petition with the U.S. Bankruptcy Court, Nevada District. During the course of the bankruptcy case, Wilson and Moore entered into a settlement agreement, wherein Wilson would assign the Ricardo property to Moore with a release of all claims and Moore would assign the Palma property to Wilson with a release of all claims. Additionally, during the course of the bankruptcy case, USB obtained an order for the relief from the automatic stay. *See Exhibit-06.*

On July 29, 2015, Moore travelled from Los Angeles to the Ricardo property to conduct an inspection. Upon her arrival, Moore found that Wilson had moved-out and had abandoned the

:Exhibit 2   47 Pages:
Case: 15-52471    Doc# 18    Filed: 10/29/15    Entered: 10/29/15 10:57:48    Page 14 of 27

property. The property was not habitable; a toilet and bathtub was removed; no utilities; no appliances and the grounds had an estimated 4-months of overgrown weeds over 2-feet tall in some areas around the house. Moore telephoned Wilson with no reply and made the decision to protect the property by the filing of the involuntary bankruptcy case to stay the foreclosure sale scheduled for July 30, 2015 at 11:30am. *See Exhibit-07*.

On July 30, 2015, despite the mortgage rescission notice by Wilson and the bankruptcy stay notice by Moore, SPECIALIZED LOAN SERVICING LLC (SLS) and NBS DEFAULT SERVICES LLC (NBS), which did not have any relief from the automatic stay in the Moore bankruptcy case, proceeded to conduct a foreclosure sale on the pretext of a Deed of Trust.

On July 30, 2015 at 9:00am, Moore arrived at the Bankruptcy Court and filed the involuntary bankruptcy case. At 10:30 am, Moore arrived at the San Benito County Court house steps to notify the foreclosing agent of the bankruptcy stay. Moore and her husband waited until after 12:30 and no crier showed to hold the foreclosure sale. *See Exhibit-08*. Moore then returned to her daughters home an hour away, to participate by telephonic appearance, in a hearing on a motion to dismiss her Chapter 11 Bankruptcy Case. After a 2-hour hearing, the Court ordered the conversion of the case to an involuntary Chapter 7. Moore commenced an appeal of that order. Thereafter, the trustee and the creditor moved to dismiss the bankruptcy case. The Nevada Bankruptcy Court will hear the dismissal motions on November 17, 2015.

On October 20, 2015, Moore requested a meeting with Wilson prior to the status conference hearing on October 27, 2015 to settle their business relationship and to prepare a stipulation for the court to approve (with the Chapter 7 Trustees approval if necessary) so Wilson may dismiss his case or convert to a voluntary Chapter 13 or Chapter 11. *See Exhibit-09*.

II.     **The Objective of the Bankruptcy Case.**

The purpose and objective of the bankruptcy case is to protect the Ricardo Property from a wrongful foreclosure, while Wilson and Moore complete the winding up of their business relation and their joint interests in the Ricardo property and the Palma property. The email to Wilson outlines the reasons for the bankruptcy filing and the necessity for the protection of the Ricardo and Palma properties.

: Exhibit 2   47 Pages:
Case: 15-52471   Doc# 18   Filed: 10/29/15   Entered: 10/29/15 10:57:48   Page 15 of 27

1    As part of the settlement, Moore would quit claim her interests in the Palma property which

2    currently has an estimated $150,000 of equity so Wilson can settle with his creditor claims. *See*

3    *Exhibit-02.*

4    Wilson would quit claim his interests in the Ricardo property, and assign any claims to the

5    Ricardo property to Moore so she continue the litigation against the purported lender and the eminent

6    domain funds.  Currently, the claims against the Ricardo Property from any purported lender are

7    unsecured because Wilson and Moore rescinded the loan under TILA statutes and a winding down of

8    credits and payments is required.

9    The eminent domain trial is stayed because of the bankruptcy cases with Moore and

10   Wilson.  Once the settlement between Moore and Wilson is completed, Moore will continue the

11   litigation for the amount of the claims that CTD must pay for the taking and replacement cost of the 2-

12   acres of the 5-acre equestrian property referred to as the Ricardo property.

13   Moore's rights to protect her unsecured claims in the Ricardo property and her equity interests

14   in both the Ricardo property and the Palma property were put at risk when Wilson abandoned the

15   Ricardo property and the purported lender whose claims were rescinded, moved to foreclose without

16   Moore having any ability to protect the property as a titled owner and a tenant in common.

17   At the time of the involuntary petition filed against Wilson, Moore was a debtor-in-possession

18   in her Chapter 11 bankruptcy case, and with the Chapter 7 involuntary conversion order in appeal and

19   the Moore Chapter 7 Trustee moving to dismiss her case, the need for Moore to invoke the protection

20   of the court so all creditors are protected is still necessary with the Wilson Chapter 7 Involuntary

21   Bankruptcy filing.

22

23   Date: October 20, 2015                     *Teresa J. Moore*

24                                              Teresa J. Moore
                                                4251 Laurel Canyon Blvd
25                                              Studio City, California 91604
                                                Tel: 818-206-1146
26                                              Fax: 818-647-1186
                                                Net: teresa_j_moore@yahoo.com
27

28   Attachments: EXHIBITS: 01-09

: Exhibit 2  47 Pages :
Case: 15-52471   Doc# 18   Filed: 10/29/15   Entered: 10/29/15 10:57:48   Page 16 of 27


| Recorded | REC FEE 11.00 |
| Official Records | TAX 310.75 |
| County of | |
| San Benito | |
| JOE PAUL GONZALEZ | |
| Clerk-Auditor-Recorder | |
| | SW |
| 03:57PM 20-Jul-2010 | Page 1 of 2 |

RECORDING REQUESTED BY

Jeffrey Merritt Wilson

AND WHEN RECORDED MAIL TO:

Jeffrey Merritt Wilson
PO Box 10414
Salinas, California 93912

APN: 011-270-045-0                                    RESERVED FOR RECORDER'S USE

# Grant Deed

☐ This transfer is exempt from the documentary transfer tax

☒ The documentary transfer tax is √310.75 and is computed on:

    ☐ the full value of the interest in the property conveyed.

    ☐ the full value less the value of liens of encumbrances remaining at the time of sale.

The property is located in ☒ an unincorporated area ☐ the city of _____

FOR THE VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged, Jeffrey Merritt Wilson, hereby **grant(s)** to Jeffrey Merritt Wilson and Teresa Jean Moore, as tenants in common, the following real property in the unincorporated area, County of San Benito, State of California with the description: EXHIBIT A (Attachment).

Date: 7-20-2010

_____
JEFFREY MERRITT WILSON

STATE OF CALIFORNIA        )
                             ) SS.
COUNTY OF SAN BENITO     )

On _____July 20, 2010_____ before me, _Irene G. Hurtado_, a Notary Public, personally, appeared Jeffrey Merritt Wilson who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Irene G. Hurtado_
Signature of Notary

IRENE G. HURTADO
Commission # 1736843
Notary Public - California
San Benito County
My Comm. Expires Apr 28, 2011

MAIL TAX STATEMENTS TO THE ADDRESS SHOWN ABOVE

:Exhibit 2  47 Pages:

2E

# EXHIBIT A

PARCEL 1:

PARCEL 4, AS SHOWN ON MAP FILED JULY 2, 1987 IN BOOK 7, PAGE 28 OF PARCEL MAP IN THE OFFICE OF THE COUNTY RECORDER, SAN BENITO COUNTY, CALIFORNIA.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS AND UTILITIES UNDER, ON AND ACROSS A STRIP OF LAND 60.00 FEET IN WIDTH, THE CENTERLINE OF WHICH IS DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHWESTERLY LINE OF LOT 69, AS SHOWN ON MAP OF JESSE D. CURE'S SUBDIVISION OF PART OF THE RANCHO AROMITAS Y AGUA CALIENTE, FILED MAY 28, 1894 IN BOOK 1, PAGE 58, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER, SAN BENITO COURT, CALIFORNIA WHICH BEARS SOUTH 31° 35' EAST, 247.52 FEET FROM THE WESTERLY CORNER OF SAID LOT 69; THENCE

(1) NORTH 67° 00' EAST 1016.54 FEET; THENCE

(2) ALONG A CURVE TO THE RIGHT, HAVING A RADIUS OF 850.00 FEET, THROUGH A CENTRAL ANGLE OF 11° 40' AN ARC DISTANCE: OF 173.08 FEET TO A POINT IN THE COMMON LINE OF LOTS 60 AND 68 WHICH BEARS NORTH 78° 40' EAST, 596.54 FEET FROM THE WESTERLY COMMON CORNER OF SAID LOTS 60, 61, 66, 67 AND 68,

(3) NORTH 78° 40' EAST 2132.64 FEET TO THE WESTERLY LINE OF COLE ROAD.

PARCEL 3:

AN EASEMENT FOR INGRESS AND EGRESS AND PUBLIC UTILITIES OVER THE

NORTHEASTERLY 30 FEET OF PARCELS 1 AND 2 OF THE CERTAIN PARCEL MAP RECORDED JULY 2, 1987 IN BOOK 7 OF PARCEL MAPS, AT PAGE 28, SAN BENITO COUNTY RECORDS.

EXCEPTING THEREFROM THAT PORTION INCLUDED WITHIN PARCEL TWO ABOVE.

RECORDING REQUESTED BY

Jeffrey Merritt Wilson

AND WHEN RECORDED MAIL TO:

Jeffrey Merritt Wilson
PO Box 10414, Salinas
California 93912

Stephen L. Vagnini
Monterey County Recorder
Recorded at the request of
**Filer**

CRDAWN
11/19/2010
11:21:41

DOCUMENT: **2010068357**

| Titles: 1/ Pages: 2 | |
|---|---|
| Fees.... | 15.00 |
| Taxes... | |
| Other... | 2.00 |
| AMT PAID | $17.00 |

RESERVED FOR RECORDER'S USE

APN: 002-891-009

# Grant Deed

☑ This transfer is exempt from the documentary transfer tax   *lease/option of future equity*

☐ The documentary transfer tax is _____ and is computed on:

    ☐ the full value of the interest in the property conveyed.

    ☐ the full value less the value of liens of encumbrances remaining at the time of sale.

The property is located in ☐ an unincorporated area ☒ the city of <u>Salinas, California</u>

FOR THE VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged, Jeffrey Merritt Wilson, an unmarried man, hereby **grant(s)** to Jeffrey Merritt Wilson and Teresa Jean Moore, as tenants in common, the following real property in the City of Salinas, County of Monterey, State of California with the description: EXHIBIT A.

Date: **11-18-10**  _____

_Jeffry Merritt Wilson_ (signature)

_Jeffrey Merritt Wilson_

STATE OF CALIFORNIA  )
                       ) SS.
COUNTY OF MONTEREY  )

On <u>November 18, 2010</u> before me, <u>April Wilson</u> _____, a Notary Public, personally, appeared <u>Jeffrey Merritt Wilson</u> who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_April Wilson_ (signature)
Signature of Notary

APRIL WILSON
COMM. #1746154
NOTARY PUBLIC - CALIFORNIA
MONTEREY COUNTY
My Comm. Exp. May 28, 2011

MAIL TAX STATEMENTS TO THE ADDRESS SHOWN ABOVE

# EXHIBIT "B"

**EXHIBIT A**

LOT 9, IN BLOCK 1, AS SHOWN ON MAP ENTITLED "TRACT NO. 231 SERRA PARK",
FILED MAY 18, 1953, IN THE OFFICE OF THE COUNTY RECORDER OF THE COUNTY
OF MONTEREY, STATE OF CALIFORNIA, AND NOW IN FILE IN SAID OFFICE IN MAP
BOOK 6, CITIES AND TOWNS, AT PAGE 3 THEREIN.

APN: 002-891-009

END OF DOCUMENT

END OF DOCUMENT.



**OCWEN**

**Ocwen Loan Servicing, LLC**
www.ocwen.com

NMLS #: 1852
NC Permit No. 3346
**CUSTOMER CARE CENTER 1-800-746-2936**
*Your call may be recorded for the coaching and development of our associates.*

**Account Statement**

Account Number:
Account Statement Date:                    10/17/2013
Property Address:
    313 Palma Drive
    Salinas CA 93901

DELQ                                                   Page 1

**Special Notices**



2AT     06784/364999/007577 1434  2 ACQVA9

JEFFREY WILSON
PO BOX 10414
SALINAS CA  93912-7414

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 240,266.28 |
| Interest Rate: | 2.00000% |
| Next Payment Due Date: | 08/01/2013 |
| Escrow Advance Balance» | 18,196.37- |
| Current Suspense Balance: | .07 |
| Interest Paid Year-To-Date: | 2,818.62 |
| Taxes Paid Year-To-Date: | 19,895.77 |
| Beginning Principal Balance: | 478,873.76 |
| Principal Reductions Year-To-Date: | 2,323.72 |
| Negative Amortization/Principal Adj Year-To-Date: | 203,098.78- |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments Year-To-Date: | 2,227.40 |
| Escrow Disbursements/Adjustments Year-To-Date: | 20,423.77- |
| Recently Assessed Amounts: | |
| 09/03/13 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 335.85 |
| Interest: | 398.77 |
| Escrow: | 318.20 |
| Less:Partial Payment Amount: | .07- |
| Current Amount Due by 11/01/13: | 1,052.75 |
| Past Due Amount: | |
| Principal: | 1,004.20 |
| Interest: | 1,199.66 |
| Escrow: | 954.60 |
| Past Due Amounts DUE IMMEDIATELY: | 3,158.46 |
| Assessed Fees/Expense Outstanding: | |
| Prev-Property Inspection Fee: | 94.50 |
| Total Fees/Expense Outstanding: | 94.50 |
| **Total Amount Due:** | **4,305.71** |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 09/06/13 | Suspense Transfer | | | | | | | 559.52- | 559.52- |
| 09/06/13 | Escrow Account Adjustment | | | 528.00 | | | | | 528.00 |
| 09/06/13 | Expense Payment | | | | | | | | 10.52 |
| 09/06/13 | Prior Servicer Fees | | | | | | 10.52 | | |
| 09/06/13 | Expense Payment | | | | | | | | 21.00 |
| 09/06/13 | Property Inspection Fee | | | | | | 10.50 | | |
| 09/06/13 | Property Inspection | | | | | | 10.50 | | |
| 09/06/13 | Suspense Transfer | | | | | | | 1,052.83- | 1,052.83- |
| 09/06/13 | Expense Payment | | | | | | | | 109.48 |
| 09/06/13 | Prior Servicer Fees | | | | | | 109.48 | | |
| 09/06/13 | Principal Balance Adjustment | 943.35 | | | | | | | 943.35 |
| 09/06/13 | Payment | 330.30 | 404.32 | 318.20 | | | | 0.07 | 1,052.89 |
| 09/06/13 | Payment | 330.85 | 403.77 | 318.20 | | | | | 1,052.82 |
| 09/06/13 | Payment | 331.41 | 403.21 | 318.20 | | | | | 1,052.82 |
| 09/06/13 | Payment | 331.96 | 402.66 | 318.20 | | | | | 1,052.82 |
| 09/06/13 | Payment | 332.51 | 402.11 | 318.20 | | | | | 1,052.82 |
| 09/06/13 | Payment | 333.07 | 401.55 | 318.20 | | | | | 1,052.82 |
| 09/06/13 | Payment | 333.62 | 401.00 | 318.20 | | | | | 1,052.82 |
| 09/25/13 | Tax Disbursement MONTEREY COUNTY TAX COLLECTOR | | | 19,895.77- | | | | | 19,895.77- |

FOLD AND                      PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.                      FOLD AND
DETACH HERE          PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT - ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK                      DETACH HERE

:Exhibit 2  47 Pages:
Case: 15-52471   Doc# 18   Filed: 10/29/15   Entered: 10/29/15 10:57:48   Page 21 of 27

| CREDITOR'S name, street address, city or town, province, state, country, ZIP, or foreign postal code, and telephone no.<br><br>OCWEN<br>P.O. BOX 24737<br>WEST PALM BEACH, FL 33416-4737<br><br>CUSTOMER SERVICE: 1-800-746-2936 | **1** Date of identifiable event<br>09/06/2013 | OMB No. 1545-1424 | **Cancellation of Debt** |
|---|---|---|---|
| | **2** Amount of debt discharged<br>$ 285,666.68 | **2013** | |
| | **3** Interest if included in box 2<br>$ 50,247.28 | Form **1099-C** | **Copy B** |

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

| DEBTOR'S name, street address (including apt. no.), city or town, province or state, country, and ZIP or foreign postal code | **4** Debt description<br>313 PALMA DRIVE, SALINAS, CA 93901 | **For Debtor** |
|---|---|---|

7-764-81770-0028324-005-1-000-000-000-000

JEFFREY WILSON
PO BOX 10414
SALINAS CA 93912-7414

| **5** If checked, the debtor was personally liable for repayment of the debt . . . . . . . ▶ | [X] |
|---|---|

| **6** Identifiable event code<br>F | **7** Fair market value of property<br>$ 251,400.00 |
|---|---|

| CREDITOR'S federal identification number<br>01-0681100 | DEBTOR'S identification number<br>XXX-XX- |
|---|---|

Account number (see instructions)
150842372-7130924074

Form **1099-C**      (Keep for your records)      Department of the Treasury - Internal Revenue Service

City, State, or Zip 🔍

313 Palma Dr, Salinas, CA 93901





# 313 Palma Dr,
## Salinas, CA 93901

**2 beds · 2 baths · 1,249 sqft**

Edit home facts for a more accurate Zestimate.

---

Get Your Home Report

See Zestimate updates, plus the latest sales and listings in your area.

---

**OFF MARKET**
Zestimate®: $366,790
Rent Zestimate®: $1,875/mo

Est. Refi Payment
$845/mo

**Jeffrey-Merritt: Wilson**
Post Office Box 10414
Salinas, California 93912-7414

**July 23, 2010**

SPECIALIZED LOAN SERVICING LLC
8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129
Fax: (720) 241-7220; (720) 241-7526

Certified Mail #:
7009 2250 0003 0147 7669
Date: July 23, 2010

REGIONAL TRUSTEE SERVICES CORPORATION
616 1st Avenue, Suite 500
Seattle, WA 98104
Fax: (206) 292-4930

Certified Mail #:
7009 2250 0003 0147 7676
Date: July 23, 2010

US BANK NA, Trustee
18400 Von Karman, Suite 1000
Irvine, CA 92612

Certified Mail #:
7009 2250 0003 0147 7683
Date: July 23, 2010

FIRST AMERICAN TITLE COMPANY
60 West Market Street, Suite 140
Salinas, CA 93901

Certified Mail #:
7009 2250 0003 0147 7638
Date: July 23, 2010

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC
P.O. Box 2026
Flint, MI 48501

Certified Mail #:
7009 2250 0003 0147 7652
Date: July 23, 2010

COMMITMENT LENDING
30101 Agoura Court, Suite 102
Agoura Hills, CA 91301

Certified Mail #:
7009 2250 0003 0147 7645
Date: July 23, 2010

# MORTGAGE RESCISSION NOTICE

**Transaction Reference Documents**:
DEED OF TRUST, MIN: 100259206110021317, 11/02/2006
ADJUSTABLE RATE NOTE, Loan No: 500002416, 11/02/2006

**Property Title Reference**:
Jeffrey Merritt Wilson
343 Ricardo Drive, Aromas, California
GRANT DEED, Document No: 2006-0016804, 11/08/2006

**Debt Collection Reference**:
NOTICE OF TRUSTEE'S SALE, Trustee's Sale No: 05-FSL-93483, 07/01/2010
DISPUTE REPLY LETTER, Loan No: 1004701979, 06/14/2010
MORTGAGE DEFAULT NOTICE, Loan No: 1004701979, 04/19/2010
SUBSTITUTION OF TRUSTEE, Document No: FSL934830172000000, 04/02/2010

:Exhibit 2  47 Pages:
Case: 15-52471   Doc# 18   Filed: 10/29/15   Entered: 10/29/15 10:57:48   Page 24 of 27

# MORTGAGE RESCISSION NOTICE

Dear Gentlemen:

This letter constitutes the notice of the mortgage rescission under the precepts of the common law and under the provisions of the Truth In Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA) and the Home Owner Equity Protection Act (HOEPA). The rescission is effective upon the transmittal of the notice by the mail and by the wire.

I exercise the right of the rescission for the following reasons:

- On or about the May 11, 2010, I sent a letter to the Person: REGIONAL TRUSTEE SERVICES CORPORATION (RTS), wherein I disputed the alleged debt and requested the disclosures of the specific items and the communications by the written correspondence. The Person: RTS did not respond with any meaningful answer to my request and I continue to receive harassing telephone calls. Thus, I began an inquiry into the nature of the original transaction.

- I discovered the existence of an "affiliated business arrangement" between the transaction-parties and other third-parties, which the Person: COMMITMENT LENDING (CLC), as the apparent "Lender" and the Person: FIRST AMERICAN TITLE COMPANY (FAM), as the "escrow agent," did not disclose to me at the "closing and settlement" of the transaction. The Person: CLC referred the business of its lending and settlement services to the third-parties of the "affiliated business arrangement." Thus, the Person: CLC received and accepted the fees other than for the services actually performed and omitted the material disclosures of the residential mortgage transaction.

- I discovered the existence of a "mortgage securitization scheme" between the Lender, Trustee, Beneficiary and other third-parties, which the Person: CLC, as the apparent "Lender" and the Person: FAM, as the "escrow agent," did not disclose to me at the "closing and settlement" of the transaction and wherein the transaction-parties received the payments or the "kickbacks" of the "mortgage securitization scheme." The apparent Lender omitted the charges paid directly or indirectly by the real "creditors" as an incident to or a condition of the extension of the consumer credit. Thus, the overstated property appraisal, the third-party receipts, the third-party disbursements and the Yield Spread Premium between the Borrower Interest Rate and the Investor Interest Rate concealed the true Finance Charges and the true Annual Percentage Rate of the purported loan.

- I discovered the appearance of an unrecorded note transfer from the Person: CLC to a special purpose vehicle and the existence of the unrecorded and the undisclosed transfer of the trustee powers. Since the Person: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) was only a "nominee" of the apparent Lender, then it had no power to transfer the note or to appoint any trustee.

- I discovered the existence of the numerous false representations by the agents of the Persons: CLC and FAM in the connection with the "closing and settlement" of the residential mortgage transaction. The false representations included, among the others, the statements: (1) that the Person: CLC was the "lender" in the transaction; (2) that the Person: JEFFREY MERRITT WILSON was the "borrower" in the transaction; (3) that the borrower had the "ability to repay" the loan; (4) that the Lender loaned its money in the transaction; (5) that the Loan was in the nature of a "secured transaction" under the Uniform Commercial Code and (6) that the DEED OF TRUST was a valid and enforceable agreement between the contracting parties.

:Exhibit 2 47 Pages:

Case: 15-52471   Doc# 18   Filed: 10/29/15   Entered: 10/29/15 10:57:48   Page 25 of 27

All of the foregoing statements are all false. The existence of the "affiliated business arrangement," the existence of the "mortgage securitization scheme," the failure of the "material disclosures" in the connection with a federally related mortgage; the referrals of the settlement services to the undisclosed parties; the receipt of the "kickbacks" and the conduct of numerous unfair business practices violate the provisions of the TILA, RESPA and HOEPA. The violation of the federal lending laws generates the cause of this rescission. Under the discovery rule, the statutes of the limitations of those federal lending laws do not apply because I just recently discovered the injuries of my property and the extent of the damages.

The rescission of the mortgage loan transaction is effective upon the date of the mailing of the Letter: MORTGAGE RESCISSION NOTICE. You have twenty-days after receipt of this notice to return all monies paid and to terminate the security interest. By the operation of the law, the mortgage against my property is VOID under the authority of the 15 U.S.C. § 1635(b). Any derogatory credit reports constitute a willful violation of the TILA and the Fair Credit Reporting Act (FCRA) (15 U.S.C. § 1681a *et seq.*).

Please contact me by your written response to the address of the Jeffrey-Merritt: Wilson, Post Office Box 10414, Salinas, California 93912-7414 for the mutual return of all property exchanged. Additionally, please confirm the termination of any "security interest" and the termination of any "collection activity" by your written verification.

Regards,

Jeffrey-Merritt: Wilson

Case 11-52471   Doc# 18   Filed 10/29/15   Entered 10/29/15 10:57:48   Page 27 of 27

Exhibit 2   47

**Card 1**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

US BANK #1000
400 Von Karman
Irvine, CA 92612

7009 2250 0003 0147 7683

PS Form 3811, February 2004    Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent   ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes

**Card 2**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MERS
PO Box 2026
Flint, MI 48501

7009 2250 0003 0147 7652

PS Form 3811, February 2004    Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent   ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery   JUL 2 9 ...
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes

**Card 3**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

R T S
616 1st Ave #500
Seattle, WA 98104

7009 2250 0003 0147 7676

PS Form 3811, February 2004    Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent   ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes

**Card 4**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SPECIALIZED LOAN
8742 Lucent Blvd #300
Highlands Ranch CO 80129

7009 2250 0003 0147 7669

PS Form 3811, February 2004    Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent   ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes